IRVING, P.J.,
dissenting:
¶ 19. The majority finds that Ivy’s sentence does not violate the provisions of Mississippi Code Annotated section 47-7-34 (Rev.2011). With respect, I must dissent.
¶ 20. Section 47-7-34(1) reads as follows:
When a court imposes a sentence upon a conviction for any felony committed after June 30, 1965, the court, in addition to any other punishment imposed if the *771 other punishment includes a term of incarceration in a state or local correctional facility, may impose a term of post-release supervision. However, the total number of years of incarceration plus the total number of years of post-release supervision shall not exceed the maximum sentence authorized to be imposed by law for the felony committed. The defendant shall be placed under post-release supervision upon release from the term of incarceration. The period of supervision shall be established by the court.
¶ 21. Ivy was convicted of two counts: endangerment of a child under Mississippi Code Annotated section 97 — 5—B9(2)(b)(i) (Rev.2006) and possession of cocaine under Mississippi Code Annotated section 41-29-189(c)(1)(C) (Rev.2009). The maximum sentence for the cocaine-possession conviction is sixteen years, and the maximum sentence for the child-endangerment conviction is ten years. The circuit court sentenced Ivy to the maximum sentence for each count, but the court suspended one year of the sentence for possession of cocaine and all of the ten-year sentence for child endangerment. The suspended sentence for child endangerment was ordered to run consecutively to the fifteen-year sentence of incarceration for the cocaine-possession conviction. Also, Ivy was sentenced to five years of post-release supervision, with no allocation of the post-release supervision between the two counts.
¶ 22. In concluding that the circuit court did not violate section 47-7-34 in its sentencing scheme, the majority erroneously combines the two sentences, including the suspended portions of the sentences, to find that Ivy was sentenced to twenty-six years with eleven years suspended, leaving fifteen years to serve. The majority compounds the error by then adding the five years of post-release supervision to the fifteen years of incarceration and finds that twenty years are less than the twenty-six years that Ivy was sentenced to, hence no violation of section 47-7-34. A plain reading of section 47-7-34 refutes the calculation and interpretation accorded to it by the majority. First, there is nothing in section 47-7-34 that permits the aggregation of two separate sentences, much less the aggregation of suspended sentences, for the purpose of determining whether the section has been violated. Second, under section 47-7-34, it is the number of years of incarceration plus the number of years of post-release supervision, not the number of years suspended, that must be added to determine if the sentence given accords with the dictates of the statute. Here, Ivy was sentenced to fifteen years of incarceration plus five years of post-release supervision for the cocaine-possession conviction. As stated, the maximum sentence for this offense is sixteen years. Adding the number of years of incarceration, fifteen, to the number of years of post-release supervision, five, produces an illegal sentence, as that sum of years equals twenty, which exceeds the maximum sentence for the possession-of-cocaine conviction. Since the circuit court did not sentence Ivy to a period of incarceration for the child-endangerment conviction, that sentence, for purposes of construing section 47-7-34, cannot be used in any computation, but even if it could, the sentence computation would have to be separate from the sentence computation for the cocaine-possession conviction.
¶ 23. For the reasons presented, I dissent. I would reverse and remand this case to the circuit court for resentencing.
LEE, C.J., AND RUSSELL, J„ JOIN THIS OPINION.